**No. 2025-1166**

---

**IN THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT**

---

JOHN A. COOPER,

Claimant-Appellant,

v.

DOUGLAS A. COLLINS, Secretary of Veterans Affairs,

Respondent-Appellee.

---

On Appeal from the United States Court of Appeals for Veterans Claims in No. 23-5963, Judges William S. Greenberg, Joseph L. Toth, and Scott J. Laurer.

---

# RESPONDENT-APPELLEE'S BRIEF

---

YAAKOV M. ROTH
*Acting Assistant Attorney General*

PATRICIA M. McCARTHY
*Director*

ERIC P. BRUSKIN
EMMA E. BOND
*Attorneys, Commercial Litigation Branch*
*Civil Division, U.S. Department of Justice*
*P.O. Box 480, Ben Franklin Station*
*Washington, DC 20044*
*(202) 305-2034*

*Of Counsel:*

BRIAN GRIFFIN
*Deputy Chief Counsel*

ANDREW J. STEINBERG
*Attorney Advisor*
*Department of Veterans Affairs*

## TABLE OF CONTENTS

**Page**

INTRODUCTION .......... 1

STATEMENT OF THE ISSUE .......... 1

STATEMENT OF THE CASE .......... 2

I. Statutory Background .......... 2

A. The Veterans Court Has Exclusive Jurisdiction to Review Decisions of the Board .......... 2

B. The Veterans Appeals Improvement and Modernization Act of 2017 (AMA) Did Not Alter the Veterans Court's Jurisdictional Statute .......... 2

II. Factual Background .......... 3

A. In a 2023 Decision, the Board Denies Four Claims for Benefits Filed by Mr. Cooper .......... 3

B. In July 2023, The Veterans Court Grants A Joint Motion for Voluntary Remand .......... 5

C. After Reviewing the Veterans Court's Remand Order, The Board Remands All Four Claims for Further Development and Factual Findings .......... 7

III. Prior Proceedings .......... 8

SUMMARY OF ARGUMENT .......... 10

ARGUMENT .......... 12

I. Standard of Review .......... 12

II. The Veterans Court Correctly Dismissed the Remand Order for Lack of Jurisdiction .......... 13

A. The AMA Did Not Alter the Scope of Veterans Court Jurisdiction in 38 U.S.C. § 7252 or the Meaning of a Board "Decision" Pursuant to 38 U.S.C. § 7104(d) ............ 13

B. Nothing in the AMA Alters the Longstanding Precedent that Board Remand Orders Do Not Qualify as "Decisions" of the Board ............ 16

III. Mr. Cooper's Arguments Are Unpersuasive ............ 20

A. Even After the AMA, Board Remand Orders Requiring Additional Intra-Agency Development Do Not Grant or Deny Benefits ............ 21

B. The AMA's Amendments to the Duty to Assist Do Not Alter the Meaning of a Board "Decision" ............ 23

1. Statutory Context and History Confirm that the Adoption of Section 5103A(f)(2) Does Not Alter the Nature of Board Remand Orders ............ 26

2. Mr. Cooper's Proposed Rule Would Be Confusing for Litigants and Courts ............ 28

IV. The Court Need Not Determine Whether Decisions of the Board Must Also Be "Final" ............ 30

CONCLUSION ............ 31

# TABLE OF AUTHORITIES

## CASES

*Clark v. McDonough*,
35 Vet. App. 317 (2022) .......... 16

*Davis v. Collins*,
No. 2024-1960, 2025 WL 752341 (Fed. Cir. Mar. 10, 2025) .......... 16

*DePuy v. McDonald*,
No. 13-2588, 2014 WL 5474685 (Vet. App. Oct. 30, 2014) .......... 24

*Gardner-Dickson v. Wilkie*,
33 Vet. App. 50 (2020), *aff'd*, *Gardner-Dickson v. McDonough*,
No. 2021-1462, 2021 WL 5144367 (Fed. Cir. Nov. 5, 2021) .......... 8

*Gilchrist v. Shinseki*,
432 Fed. Appx. 967 (Fed. Cir. 2011) .......... 16

*Gundy v. United States*,
588 U.S. 128 (2019) .......... 26

*Harris v. Brown*,
7 Vet. App. 547 (1995) .......... 25

*Harris v. Derwinski*,
1 Vet. App. 180 (1991) .......... 29

*Hooper v. McDonough*,
No. 2024-1262, 2024 WL 2064606 (Fed. Cir. May 9, 2024) .......... 16

*In re Wick*,
40 F.3d 367 (Fed. Cir. 1994) .......... 13

*Kingdomware Techs., Inc. v. United States*,
579 U.S. 162 (2016) .......... 23

*Kirkpatrick v. Nicholson*,
417 F.3d 1361 (Fed. Cir. 2005) .......... passim

*Ledford v. West*,
136 F.3d 776 (Fed. Cir. 1998) ..................... 13

*Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*,
523 U.S. 26 (1998) ..................... 23

*Maggitt v. West*,
202 F.3d 1370 (Fed. Cir. 2000) ..................... 14, 24

*Maracich v. Spears*,
570 U.S. 48 (2013) ..................... 26

*Mathews v. Eldridge*,
424 U.S. 319 (1976) ..................... 14

*May v. Shinseki*,
396 Fed. Appx. 693 (Fed. Cir. 2010) ..................... 17

*Military-Veterans Advocates v. Sec. of Veterans Affairs*,
7 F.4th 1110 (Fed. Cir. 2021) ..................... passim

*Mote v. Wilkie*,
976 F.3d 1337 (Fed. Cir. 2020) ..................... 3, 16

*National Assn. of Home Builders v. Defenders of Wildlife*,
551 U.S. 644 (2007) ..................... 25

*Rollerson v. Shinseki*,
411 Fed. Appx. 321 (Fed. Cir. 2011) ..................... 16

*Singleton v. Shinseki*,
659 F.3d 1332 (Fed. Cir. 2011) ..................... 12

*Skaar v. McDonough*,
48 F.4th 1323 (2022) ..................... passim

*Smith v. McDonough*,
Fed. Cir. No. 22-2213, 2024 WL 981143 (Fed. Cir., Mar. 7, 2024) ..................... 16

*Smith v. Shinseki*,
407 Fed. Appx. 452 (Fed. Cir. 2011) ..................... 16

*Stegall v. West*,
11 Vet. App. 268 (1998) ........ 25

*Tyrues v. Shinseki*,
732 F.3d 1351 (Fed. Cir. 2013) ........ 28

*Wanless v. Shinseki*,
618 F.3d 1333 (Fed. Cir. 2010) ........ 12

*Williams v. Principi*,
275 F.3d 1361 (Fed. Cir. 2002) ........ 18

**STATUTES**

38 U.S.C. § 511 ........ passim

38 U.S.C. § 511(a) ........ passim

38 U.S.C. § 5103(b)(5)(A) ........ 26

38 U.S.C. § 5103A ........ 9, 23

38 U.S.C. § 5103A(b)(3) (2015) ........ 11, 26, 27

38 U.S.C. § 5103A(b)(3)(A) ........ 26

38 U.S.C. § 5103A(e) ........ 27

38 U.S.C. § 5103A(f) ........ 9

38 U.S.C. § 5103A(f)(2) ........ passim

38 U.S.C. § 5103A(f)(2)(A) ........ 23

38 U.S.C. § 5103A(f)(3) ........ 25

38 U.S.C. § 5104A(f) ........ 9

38 U.S.C. § 5104A(f)(2) ........ 23

38 U.S.C. § 7104(a) .......... passim

38 U.S.C. § 7104(d) .......... 13, 18

38 U.S.C. § 7104(d)(2) .......... 3, 13, 20

38 U.S.C. § 7104(d)(3) .......... passim

38 U.S.C. § 7113 .......... 27

38 U.S.C. § 7252 .......... 9, 10, 13

38 U.S.C. § 7252(a) .......... passim

38 U.S.C. § 7266(a) .......... 28

38 U.S.C. § 7292 .......... 12, 17, 18

38 U.S.C. § 7292(a) .......... 12

38 U.S.C. § 7292(d)(1) .......... 12, 13

Pub. L. 112-154, 126 Stat. 1165 (2012) .......... 26

Pub. L. No. 115–55, 131 Stat. 1105 (2017) .......... 1, 2, 3

## REGULATIONS

38 C.F.R. § 3.156(c) .......... 5, 6

38 C.F.R. § 3.309(e) .......... 4

38 C.F.R. § 4.115b .......... 6

38 C.F.R. § 19.38 .......... 22

## FEDREAL REGISTER NOTICES

*Disease Associated With Exposure to Certain Herbicide Agents,*
59 Fed. Reg. 5,106 (Dep't of Veterans Affairs, Feb. 3, 1994) ..................................... 4

*VA Claims and Appeals Modernization,*
83 Fed. Reg. 39,818 (Dep't of Veterans Affairs, Aug. 10, 2018) ............................... 22

*VA Claims and Appeals Modernization,*
84 Fed. Reg. 138 (Dep't of Veterans Affairs, Jan. 18, 2019)) ..................................... 22

## LEGISLATIVE HISTORY

H.R. Rep. 115-135 (May 19, 2017) ......................................................................... 28

S. Rep. No. 115-126 (July 10, 2017) ...................................................................... 29

## STATEMENT OF RELATED CASES

No other appeal in or from the present civil action has previously been before this or any other appellate court. The government is not aware of any related cases within the meaning of Federal Circuit Rule 47.5(b).

## INTRODUCTION

The U.S. Court of Appeals for Veterans Claims (Veterans Court) has "jurisdiction to review decisions of the Board of Veterans' Appeals" (Board). 38 U.S.C. § 7252(a). Remand orders that do not grant or deny relief are not decisions of the Board subject to Veterans Court jurisdiction. *See* 38 U.S.C. § 7104(d)(3); *Kirkpatrick v. Nicholson*, 417 F.3d 1361, 1364 (Fed. Cir. 2005).

In this appeal, claimant-appellant John Cooper challenges the Board's remand order requiring further factual development of his claims. Because the remand order did not grant or deny any relief, it is not a decision of the Board within the Veterans Court's jurisdiction. Although Mr. Cooper claims that the Veterans Appeals Improvement and Modernization Act of 2017 (AMA) requires a different result, the AMA left intact the Veterans Court's jurisdictional statute and does not alter the jurisdictional analysis. *See* Pub. L. No. 115–55, 131 Stat. 1105. Accordingly, the Veterans Court correctly dismissed the appeal for lack of jurisdiction, and we respectfully request that the Court affirm the dismissal.

## STATEMENT OF THE ISSUE

The issue is whether the Veterans Court correctly dismissed Mr. Cooper's appeal of a Board remand order for lack of jurisdiction, when the challenged remand order is not a "decision" of the Board for purposes of 38 U.S.C. § 7252(a).

## STATEMENT OF THE CASE

### I. Statutory Background

#### A. The Veterans Court Has Exclusive Jurisdiction to Review Decisions of the Board

The Veterans Court has "exclusive jurisdiction to review decisions of the Board of Veterans' Appeals." 38 U.S.C. § 7252(a). A "decision" of the Board, for purposes of the Veterans Court's jurisdiction, means the decision with respect to the benefit sought by the veteran. *Skaar v. McDonough*, 48 F.4th 1323, 1333 (2022) (citation omitted). The Board is part of the Department of Veterans Affairs (VA), and provides the VA's "[f]inal decisions" on claims regarding "the provision of benefits" to veterans or their dependents or survivors. 38 U.S.C. §§ 511, 7104(a).

Each "decision of the Board shall include" an order "granting appropriate relief or denying relief." 38 U.S.C. § 7104(d)(3). Board remand orders that contain "no order granting or denying relief" are not subject to Veterans Court jurisdiction. *See Kirkpatrick*, 417 F.3d at 1364.

#### B. The Veterans Appeals Improvement and Modernization Act of 2017 (AMA) Did Not Alter the Veterans Court's Jurisdictional Statute

In 2017, Congress enacted the Veterans Appeals Improvement and Modernization Act of 2017 (AMA). *See* Pub. L. No. 115–55, 131 Stat. 1105. The AMA replaced the "one-size-fits-all appeals process" for denials of veteran disability claims within the Department of Veterans Affairs (VA). *Mil.-Veterans*

*Advoc. v. Sec. of Veterans Affairs*, 7 F.4th 1110, 1117 (Fed. Cir. 2021). Under the AMA, claimants now have "three procedural options" after receiving an unfavorable initial decision: (1) filing a supplemental claim based on additional evidence, (2) requesting higher-level review within the VA based on the same evidentiary record, and (3) filing a notice of disagreement to appeal to the Board. *Id.*

The AMA did not alter the VA's authority to issue "final and conclusive" decisions regarding the provision of benefits to veterans. 38 U.S.C. § 511(a). Nor did the AMA amend the Board's authority to issue "[f]inal decisions" on appeal, or the requirement that Board decisions include "an order granting appropriate relief or denying relief." 38 U.S.C. § 7104(a), (d)(3).[1] Finally, the AMA did not alter the jurisdiction of the Veterans Court to review decisions of the Board. *See* 38 U.S.C. § 7252(a).

## II. Factual Background

### A. In a 2023 Decision, the Board Denies Four Claims for Benefits Filed by Mr. Cooper

John Cooper served in the Air Force from 1963 to 1967, including service at a Royal Thai Air Force base during the Vietnam War era. Appx3. After service,

[1] The AMA "redesignated" section 7104(d)(2) as § 7104(d)(3). *Mote v. Wilkie*, 976 F.3d 1337, 1341 n.2 (Fed. Cir. 2020) (citing AMA, Pub. L. No. 115-55, § 2(w)(2)(B), 131 Stat. at 1114).

Mr. Cooper filed multiple claims for disability benefits, including claims seeking service connection for diabetes mellitus, prostate cancer, and special monthly compensation for loss of a creative organ. *See* Appx21 (listing pending claims). Mr. Cooper argued that exposure to herbicides entitled him to presumptive service connection.[2] The VA initially denied Mr. Cooper's claims due to lack of evidence that Mr. Cooper served in Vietnam or was exposed to herbicide agents while serving in Thailand. Appx15.

In 2022, the regional office granted service connection for Mr. Cooper's claims for prostate cancer, residuals of prostate cancer, special monthly compensation, and diabetes mellitus.[3] Appx16. Mr. Cooper then sought an increased initial rating of more than 10 percent for residuals of prostate cancer, and earlier effective dates for diabetes mellitus, prostate cancer, and special monthly compensation. Appx15. Specifically, Mr. Cooper requested an effective date of June 24, 1996 for prostate cancer and special monthly compensation, and an effective date of October 19, 2016, for diabetes mellitus. Appx15.

---

[2] In 1994, the VA promulgated a regulation providing that listed diseases were presumptively service connected if a veteran was exposed to an herbicide agent during active service. *See Disease Associated With Exposure to Certain Herbicide Agents*, 59 Fed. Reg. 5,106, 5,107 (Dep't of Veterans Affairs, Feb. 3, 1994) (amending 38 C.F.R. § 3.309(e)).

[3] The effective date for Mr. Cooper's disability benefits for diabetes mellitus is August 3, 2017, and the effective date for prostate cancer and special monthly compensation is August 3, 2016. *See* Appx14.

In claiming earlier effective dates for his service-connected disabilities, Mr. Cooper argued that a previously classified report from 1973—titled Project CHECO Southeast Asia Report: Base Defense in Thailand 1968-1972 (Project CHECO report)—should be associated with his claims files for purposes of 38 C.F.R. § 3.156(c). Appx3, Appx15-16. Pursuant to section 3.156(c), "if VA receives or associates with the claims file relevant official service department records that existed and had not been associated with the claims file when VA first decided the claim, VA will reconsider the claim[.]" 38 C.F.R. § 3.156(c)(1). Such service records include "[d]eclassified records that could not have been obtained because the records were classified when VA decided the claim." *Id.* Mr. Cooper argued that the Project CHECO report referenced the use of herbicides on the perimeters of military bases in Thailand, and triggered application of section 3.156(c).

The regional office denied Mr. Cooper's claims and, in a January 2023 decision, the Board also denied the claims. *See* Appx14. Mr. Cooper then filed an appeal to the Veterans Court. *See* Appx14.

### B. In July 2023, The Veterans Court Grants A Joint Motion for Voluntary Remand

At the Veterans Court, the parties stipulated to a joint motion for remand, agreeing that the Board failed to provide adequate reasons and bases for its

decision, on multiple bases. *See, e.g.*, Appx21. First, the parties agreed that the Board did not adequately address whether a declassified record—namely, the Project CHECO report—was "associated with Mr. Cooper's file after his claims were first denied." Appx2; Appx23-24. Because "the Board did not analyze the applicability of section 3.156(c)," the parties agreed that "'remand of the earlier effective date issues was warranted.'" Appx2 (citation omitted); Appx23-24. On remand, the parties agreed that the Board must address "whether the Project CHECO report is a service department record and, if so, whether it existed and had not been associated with [Mr. Cooper's] claims file at the time VA first decided his claims." Appx23. The required inquiry "shall . . . include a determination as to whether the Project CHECO report was classified or declassified at the time of the original May 1997 rating decision" on Mr. Cooper's claim. Appx23-24.

The joint motion for remand also required further findings with respect to Mr. Cooper's claim for an increased rating for residuals of prostate cancer. Appx24. "Prostate cancer residuals are evaluated based on residuals of voiding dysfunction or renal disfunction." Appx24 (citing 38 C.F.R. § 4.115b, Diagnostic Code (DC) 7528). The parties agreed that the Board "did not attempt to reconcile what appear[ed] to be inconsistent findings reported" in a prior December 2018 examination report. Appx24. On remand, the parties agreed that the Board must "reconcile these findings with the evidence contained in the record as to the

severity of [Mr. Cooper's] prostate cancer residuals." Appx25.

In July 2023, the Veterans Court granted the joint motion for remand, incorporating the terms of the parties' motion. *See* Appx2.

### C. After Reviewing the Veterans Court's Remand Order, The Board Remands All Four Claims for Further Development and Factual Findings

After reviewing the terms of the Veterans Court's remand order, the Board determined that "additional fact finding must be completed before a final determination can be made on this matter." Appx15. "[T]herefore remand [was] required." Appx15.

With respect to earlier effective dates for diabetes mellitus, prostate cancer, and special medical compensation, the Board explained that by adopting the terms of the joint motion for remand, the Veterans Court asked "for a determination as to when the subject report was declassified." Appx16. The Board, however, was "not aware of any existing legal precedent that conclusively answers this question." Appx16. Thus, the Board remanded to the regional office to "[c]omplete whatever work is deemed necessary to determine the date of declassification" for the Project CHECO report. Appx17. "This work could include, but is not limited to, communicating with the Air Force Historical Research Agency or other record keepers within the Air Force or the Department of Defense." Appx17.

With respect to Mr. Cooper's request for an increased initial rating for

prostate cancer residuals, the Board acknowledged the Veterans Court's remand order providing that "the most recent VA examination, completed in December 2018, contained contradictory language regarding the use of absorbent materials for [Mr. Cooper's] condition." Appx15. Because "the use and frequency of use of absorbent materials is a key factor in determining the proper rating for this condition," the Board determined that "a clarifying opinion or a new VA examination is necessary in order to determine the current severity of the Veteran's condition." Appx15.

The Board instructed the regional office, after completing the required evidentiary and factual development, to "readjudicate the issues on appeal." Appx18.

## III. Prior Proceedings

Mr. Cooper appealed to the Veterans Court, arguing that the remand order was a final decision of the Board within the Veterans Court's jurisdiction. *See* Appx2. The Veterans Court dismissed the appeal for lack of jurisdiction. Appx2-9. As the Veterans Court explained, "a long line of caselaw" recognized that "Board remands constitute interlocutory rulings that fall outside the Court's jurisdiction." Appx2 (citing *Gardner-Dickson v. Wilkie*, 33 Vet. App. 50, 56 (2020) (discussing cases), *aff'd sub nom. Gardner-Dickson v. McDonough*, No. 2021-1462, 2021 WL 5144367 (Fed. Cir. Nov. 5, 2021)).

The Veterans Court rejected Mr. Cooper's argument that the AMA "so altered the legal landscape that a remand from the Board now constitutes a 'final decision' sufficient to confer jurisdiction" on the Veterans Court. Appx2. As the Veterans Court explained, the AMA "left conspicuously unchanged" the Veterans Court's jurisdictional statute. Appx2 (citing, *e.g.*, 38 U.S.C. § 7252(a)).

The Veterans Court also addressed Mr. Cooper's argument that the AMA's amendments to the Board's duty to assist altered the nature of Board remand orders. *See* Appx4, Appx8. Specifically, pursuant to 38 U.S.C. § 5103A(f)(2)(A), the Board "shall remand" a claim to the regional office if it "identifies or learns of an error" in discharging the duty to assist, unless the VA "may award the maximum benefit" based on existing evidence. The Veterans Court held that although the AMA "narrowed the Board's focus on when it had to assist a claimant," the Board could still decide how to develop the record, as it could under the legacy system. Appx4 (citing 38 U.S.C. § 5103A(e); 38 U.S.C. § 5103A(f)). Moreover, the Board's remand order "square[d] with Congress's instructions under the AMA to correct duty to assist errors." Appx8 (citing 38 U.S.C. § 5103A(f)). Indeed, based on the joint motion for remand, Mr. Cooper "all but endorsed the Board's development" for further development regarding the date when the Project CHECO report was declassified. *See* Appx8; Appx23-24. Overall, the Veterans Court held that Mr. Cooper failed to "show how, under the AMA, the

Court has jurisdiction to review claims still in progress with the Secretary." Appx8.

Mr. Cooper filed this timely appeal.

## SUMMARY OF ARGUMENT

The AMA did not alter the Veterans Court's jurisdiction to review "decisions" of the Board. 38 U.S.C. § 7252(a). By statute, such decisions of the Board must grant or deny the benefit sought by the claimant. 38 U.S.C. § 7104(d)(3). The Board's order in this case, however, simply remanded Mr. Cooper's claims for further factual development within the VA, including factual development necessary to determine when the Project CHECO report was declassified. This order did not grant or deny any benefits sought by Mr. Cooper. Accordingly, the order is not a "decision" of the Board within the Veterans Court's jurisdiction.

Mr. Cooper's request for immediate appellate review of this issue is perplexing—given that he agreed to the terms of the joint motion for remand requiring further factual findings. The joint motion for remand expressly required "a determination as to whether the Project CHECO report was classified or declassified at the time of the original May 1997 rating decision" denying Mr. Cooper's claim for prostate cancer. Appx23-24. The Board complied with this requirement by requiring the regional office to complete the fact-finding work "to determine the date of declassification" for the Project CHECO report. Appx17. Even if Mr. Cooper disagrees with the Board's implementation of the Veterans Court's remand, the order for further factual development to determine the declassification date of the Project

CHECO report is not a Board "decision" granting or denying relief with respect to Mr. Cooper's claims.

The AMA's provision of additional options to claimants after a Board remand does not alter the jurisdictional analysis. Whatever intra-agency development is provided after a Board remand, the VA's decision with respect to claimed benefits remains subject to "one review on appeal" to the Board, culminating in "an order granting appropriate relief or denying relief." 38 U.S.C. § 7104(a), (d)(3). In this case, the Board's remand order directs further intra-agency development without granting or denying relief on Mr. Cooper's claims. Such an order for further factual finding within the VA does not amount to a Board "decision" granting or denying benefits sought by the veteran.

Finally, there is no merit to Mr. Cooper's reliance on 38 U.S.C. § 5103A(f)(2), providing that the Board need not remand duty-to-assist errors if "the evidence of record allows for the Secretary to award the maximum benefit" based on the evidence of record. *See* 38 U.S.C. § 5103A(f)(2). Even before the AMA, a similar provision was part of the Board's application of the duty to assist. *See* 38 U.S.C. § 5103A(b)(3) (2012 Ed., Supp. I). By repeating this proviso in the new 5103A(f)(2), the AMA did not *sub silentio* convert all remand orders into decisions granting or denying the benefits sought by the veteran. As the joint remand motion makes clear, Mr. Cooper sought the benefits of an increased rating for residuals of prostate cancer and earlier effective dates for diabetes mellitus, prostate cancer, and special monthly

compensation. Appx21; Appx14. The Board remand order did not grant or deny any of these benefits—instead remanding all four claims for further findings in accordance with the terms of the joint motion for remand. Thus, the Veterans Court correctly dismissed the appeal for lack of jurisdiction.

## ARGUMENT

### I. Standard of Review

"This [C]ourt's jurisdiction to review decisions by the Veterans Court is limited." *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). Pursuant to 38 U.S.C. § 7292(a), the Court may review a Veterans Court decision "with respect to the validity of a decision of the Court on a rule of law or of any statute or regulation . . . or any interpretation thereof . . . that was relied on by the Court in making the decision." It may not, however, "review the Veterans Court's factual findings or its application of law to facts absent a constitutional issue." *Singleton v. Shinseki*, 659 F.3d 1332, 1334 (Fed. Cir. 2011) (citing, *e.g.*, 38 U.S.C. § 7292).

In reviewing a Veterans Court decision, this Court must decide "all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). "[O]ther than a determination as to a factual matter," the Court shall set aside any such interpretation by the Veterans Court that is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance

with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." 38 U.S.C. § 7292(d)(1). Whether the Veterans Court has jurisdiction is a "matter of statutory interpretation," which the Court reviews de novo. *Skaar*, 48 F.4th at 1331 (citing *In re Wick*, 40 F.3d 367, 370 (Fed. Cir. 1994)).

## II. The Veterans Court Correctly Dismissed the Remand Order for Lack of Jurisdiction

A Board remand order containing "no order granting or denying relief" does not qualify as a decision of the Board within the scope of the Veterans Court jurisdiction. *See Kirkpatrick*, 417 F.3d at 1364. Nothing in the AMA alters the Veterans Court's jurisdiction or the meaning of a Board "decision." 38 U.S.C. §§ 1704(d), 7252(a). Because the challenged Board order merely remanded Mr. Cooper's claims for further factual development and did not grant or deny the requested benefits, the Veteran's Corut correctly dismissed the Board remand order for lack of jurisdiction.

### A. The AMA Did Not Alter the Scope of Veterans Court Jurisdiction in 38 U.S.C. § 7252 or the Meaning of a Board "Decision" Pursuant to 38 U.S.C. § 7104(d)

The AMA did not alter the jurisdiction of the Veterans Court. Instead, the Veterans Court's jurisdiction remains limited to reviewing "decisions of the Board," 38 U.S.C. § 7252(a), as it was before the AMA. Thus, the Veterans Court's

jurisdiction is "'premised on and defined by the Board's decision concerning the matter being appealed[.]'" *Skaar*, 48 F.4th at 1333 (citing *Ledford v. West*, 136 F.3d 776, 779 (Fed. Cir. 1998)) (internal quotation marks omitted).

A decision of the Board, in turn, must include "an order granting appropriate relief or denying relief." 38 U.S.C. § 7104(d)(3). In other words, the "'decision of the Board, for purposes of the Veterans Court's jurisdiction under § 7252, is the decision with respect to the benefit *sought by the veteran*,'" *Skaar*, 48 F.4th at 1333 (quoting *Maggitt v. West*, 202 F.3d 1370, 1376 (Fed. Cir. 2000)) (internal quotation marks and brackets omitted) (emphasis in *Skaar*). "[T]hose benefits are either granted . . . , or they are denied." *Kirkpatrick*, 417 F.3d at 1364 (quoting *Maggitt*, 202 F.3d at 1376); *see also* 38 U.S.C. § 7104(d)(3).

"This means that 'a veteran must first present a request for a benefit to the Board, then receive a decision on that request, in order to vest jurisdiction in the Veterans Court to consider the veteran's request and arguments in support thereof.'" *Skaar*, 48 F.4th at 1333 (quoting *Maggitt*, 202 F.3d at 1376). Thus, the Veterans Court's jurisdiction is "limited to veterans who satisfy the jurisdictional requirements of having *requested a benefit* and of having received a Board decision on *that request*." *Id.* (citing *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976)) (emphases added, footnote omitted).

Nothing in the AMA alters the Veterans Court's jurisdiction or the meaning of a "decision" of the Board. The AMA left intact 38 U.S.C. § 7252(a), limiting the

Veterans Court's jurisdiction to reviewing "decisions" of the Board. 38 U.S.C. § 7252(a). The AMA also retained the statutory requirement that a Board decision contain an order granting or denying relief. *See* 38 U.S.C. § 7104(d)(3). Thus, even after the AMA, section 7104 still requires a Board decision to include an order granting or denying relief with respect to the benefit sought by the claimant. *Id.*

Rather than altering the jurisdiction of the Veterans Court or the requirements for a Board decision, the AMA reformed the intra-agency processes that ultimately *result in* a Board decision granting or denying benefits. *See, e.g.*, *Mil.-Veterans Advoc.*, 7 F.4th at 1119-1120 (describing the changes effected by the AMA). Mr. Cooper is correct that the AMA "promote[s] claimant choice" (Cooper Br. (Br.) at 24) by providing an array of intra-agency options, allowing the claimant to seek higher-level review, pursue a supplemental claim, or appeal to the Board. *Mil.-Veterans Advoc.*, 7 F.4th at 1119. "These amendments reflect Congress's goal of streamlining the administrative appeals system while still protecting claimants' due process rights." *Id.* (citation omitted). Nevertheless, when providing these procedural options within the VA, the AMA did not alter VA's authority to adjudicate claims for benefits or the Board's authority to decide appeals by granting or denying requested benefits. 38 U.S.C. §§ 511, 7104(d)(3).

Thus, the AMA does not alter the fundamental limitation that the Veterans Court's jurisdiction extends only to "decisions" of the Board granting or denying the benefit sought by the veteran. 38 U.S.C. §§ 7104(d)(3), 7252(a). In this case, the

Board remand order does not grant or deny the benefits sought by Mr. Cooper—namely, an increased rating for residuals of prostate cancer and earlier effective dates for diabetes mellitus, prostate cancer, and special monthly compensation. Appx21. Instead, the Board remanded for further factual development of all four claims. Appx14-17. Because the Board remand order is not a "decision" of the Board, the Veterans Court correctly dismissed Mr. Cooper's appeal. *See* Appx8-9.

### B. Nothing in the AMA Alters the Longstanding Precedent that Board Remand Orders Do Not Qualify as "Decisions" of the Board

Additionally, nothing in the AMA alters the Court's longstanding precedent in *Kirkpatrick v. Nicholson* that Board remand orders do not qualify as "decisions" of the Board within the Veterans Court's jurisdiction to review. *See Kirkpatrick*, 417 F.3d at 1364. Since *Kirkpatrick* was decided in 2005, this Court has consistently concluded that Board remand orders are not decisions of the Board pursuant to 38 U.S.C. § 7252(a).[4]

---

[4] *See Mote v. Wilkie*, 976 F.3d 1337, 1341 (Fed. Cir. 2020) (explaining that "a Board 'decision' in this context does not mean a mere remand") (citing *Kirkpatrick*, 417 F.3d at 1364); *see also Davis v. Collins*, No. 2024-1960, 2025 WL 752341, at *4 (Fed. Cir. Mar. 10, 2025) (unpublished) (holding that the Board's remand of the appellant's claims is "not a grant or denial of a higher disability rating and, thus, is not a 'decision' under 38 U.S.C. § 7252(a) that the Veterans Court has authority to review"); *Hooper v. McDonough*, No. 2024-1262, 2024 WL 2064606, at *2 (Fed. Cir. May 9, 2024) ("Because the remand order 'contains no order granting or denying relief,' it is not a 'decision' within the meaning of section 7252(a)) (quoting *Kirkpatrick*); *Clark v. McDonough,* 35 Vet. App. 317, 322 (2022) (per curiam order), *aff'd without opinion sub nom. Smith v. McDonough*, Fed. Cir. Nos. 22-2213, 22-2225, 2024 WL 981143 (Mar. 7,

*Continued on next page.*

In *Kirkpatrick*, the Board ordered a remand to the regional office for further factual development following a remand from the Veterans Court. *Kirkpatrick*, 417 F.3d at 1362. Specifically, the Veterans Court remanded the case to the Board due to "the Board's failure to address" favorable evidence and "improper weighing of certain medical evidence." *Id.* (citation omitted). "The Board then remanded the case to the Regional Office for additional medical examinations[.]" *Id.* Under these circumstances, the Court concluded that the case contained "no order granting or denying relief," and that "the Board's remand in this case was not a 'decision' within the meaning of . . . section 7104(d)(2)."[5] *Id.*

The claimant in *Kirkpatrick* resisted this conclusion, arguing that this Court should allow Veterans Court review of Board remand orders in circumstances matching this Court's review of interlocutory remand orders by the Veterans Court.

---

2024)); *Gilchrist v. Shinseki*, 432 Fed. Appx. 967, 968–69 (Fed. Cir. 2011) (unpublished) ("Because Mr. Gilchrist's remand order is not a final decision, the Veterans Court correctly determined it lacked jurisdiction"); *Rollerson v. Shinseki*, 411 Fed. Appx. 321, 322 (Fed. Cir. 2011) (unpublished) ("[a] remand order such as the one at issue in this case does not grant or deny relief, and thus it is not reviewable by the Veterans' Court"); *Smith v. Shinseki*, 407 Fed. Appx. 452, 453 (Fed. Cir. 2011) (unpublished); *May v. Shinseki*, 396 Fed. Appx. 693, 696 (Fed. Cir. 2010) (unpublished) ("the Board remand order was not a decision under § 7252(a) and . . . the Veterans Court correctly concluded that it lacked jurisdiction over the veteran's appeal").

[5] When *Kirkpatrick* was decided, section 7104(d)(2) provided that "[e]ach decision of the Board shall include— . . . (2) an order granting appropriate relief or denying relief." *Kirkpatrick*, 417 F.3d at 1364 (quoting 38 U.S.C. § 7104(d)(2)). The provision now appears in subsection (d)(3) of section 7104. *See* 38 U.S.C. § 7104(d)(3) (stating "[e]ach decision of the Board shall include— . . . (3) an order granting appropriate relief or denying relief").

*Kirkpatrick*, 417 F.3d at 1365. In exercising its *own* jurisdiction to review decisions of the Veterans Court pursuant to 38 U.S.C. § 7292, this Court "will depart from the strict rule of finality" only if three conditions are satisfied: (1) "there must have been a clear and final decision of a legal issue that (a) is separate from the remand proceedings (b) will directly govern the remand proceedings or, (c) if reversed by this court, would render the remand proceedings unnecessary," (2) "the resolution of the legal issues must adversely affect the party seeking review," and (3) "there must be a substantial risk that the decision would not survive a remand, *i.e.,* that the remand proceeding may moot the issue." *Williams v. Principi*, 275 F.3d 1361, 1364 (Fed. Cir. 2002) (footnotes omitted).

As the Court explained in *Kirkpatrick*, however, the rationale for this Court reviewing certain remand orders from the Veterans Court pursuant to 38 U.S.C. § 7292, does not extend to the Veterans Court's review of Board orders pursuant to section 7252(a). *Kirkpatrick*, 417 F.3d at 1365. Prior decisions interpreting section 7292 "did not address when the Veterans[] Court should extend its jurisdictional requirement to review a Board remand order." *Id.* "This distinction is important." *Id.* "Because the Board is within the Department of Veterans Affairs, repeated appeals of Board remand orders would necessarily interfere in the agency's internal processing of claims in a manner unlike this court's review of Veterans[] Court remand orders." *Id.* Because this Court determined that the Board's remand "was not a decision within the meaning of section 7252(a)," the Court affirmed the

Veterans Court's dismissal for lack of jurisdiction. *Id.* at 1365-1366.

Although the decision in *Kirkpatrick* predated the AMA, nothing in the AMA alters the jurisdictional analysis. Again, the AMA left intact the requirement for a Board "decision" to invoke the Veterans Court's jurisdiction, 38 U.S.C. § 7252(a), and the meaning of a Board "decision" in 38 U.S.C. § 7104(d) requiring an order granting or denying relief. These were the statutory provisions underlying the jurisdictional analysis in *Kirkpatrick*, 417 F.3d at 1364, and the same reasoning continues to apply after the AMA.

Furthermore, the reasoning in *Kirkpatrick* confirms that the AMA's amendments to intra-agency claim-processing procedures within the VA do not alter the jurisdiction of the Veterans Court to review "decisions" of the Board. As the Court explained in *Kirkpatrick*, allowing Veterans Court review of Board remand orders would "necessarily interfere in the agency's internal processing of claims[.]" *Kirkpatrick*, 417 F.3d at 1365. That remains true after the enactment of the AMA.

Although the AMA offers claimants additional "procedural lanes" for intra-agency processing, *Mil.-Veterans Advoc.*, 7 F.4th at 1119, these procedures are part of the VA's "internal processing of claims," *Kirkpatrick*, 417 F.3d at 1365. The AMA did not alter the VA's authority to issue final decisions regarding benefits, 38 U.S.C. § 511(a), or the Board's role within the VA to provide a final decision on appeal, *id.* § 7104(a). Thus, the AMA's changes to intra-agency processing do not convert a

Board remand order into a "decision" of the Board within the Veterans Court's jurisdiction to review.

Finally, applying the reasoning in *Kirkpatrick* in this case confirms that the Veterans Corut correctly dismissed Mr. Cooper's appeal for lack of jurisdiction. As in *Kirkpatrick*, the Veterans Court remanded Mr. Cooper's claims to the Board for further development, and the Board then remanded to the regional office. Appx2. At issue are Mr. Cooper's four claims for benefits—including an increased rating for residuals of prostate cancer and earlier effective dates for service-connected disabilities of prostate cancer, special monthly compensation, and diabetes mellitus. *See* Appx2, Appx21. The remand order does not grant or deny any of these benefits, but instead remands Mr. Cooper's claims to the regional office for further factual development "before a final determination can be made on this matter[.]" Appx15, Appx17-18. As in *Kirkpatrick*, therefore, there is "no order granting or denying relief," and "the Board's remand in this case was not a 'decision' within the meaning of . . . section 7104(d)[]." *Kirkpatrick*, 417 F.3d at 1364.

**III. Mr. Cooper's Arguments Are Unpersuasive**

Mr. Cooper nonetheless argues that the AMA's provisions "bring Board remand orders within . . . the definition of final Board "decisions" and thus within the Veterans Court's jurisdiction to review." Br. at 28 (capitalization altered). He presents two primary arguments in support of this position: (1) that the new options available after a regional office remand order render the Board remand order "a final

decision," *id.* at 28-30, and (2) that the Board's order implicitly refused to grant the maximum benefit requested based on existing record evidence, *id.* at 31-37. These arguments are unpersuasive because they fail to show that the Board's remand order amounts to a decision granting or denying relief with respect to the benefit sought by the veteran.

### A. Even After the AMA, Board Remand Orders Requiring Additional Intra-Agency Development Do Not Grant or Deny Benefits

First, Mr. Cooper theorizes that the AMA transformed Board remand orders into an appealable Board "decision," because the AMA "treat[s] a Board remand order as the Board appeal's terminal event." Br. at 28. This argument misunderstands the meaning of a Board "decision" and the scope of the changes pursuant to the AMA.

As discussed above, none of the AMA's changes convert a Board remand order into a decision granting or denying benefits. *See* Section II.A; 38 U.S.C. § 7104(d)(3). Instead, the AMA reformed the intra-agency procedures for processing a claim—allowing veterans to choose among the procedural options available instead of imposing a "one-size-fits-all appeals process." *Mil.-Veterans Advoc.*, 7 F.4th at 1117. "The AMA replaced the existing VA appeals system, which had shepherded all denials of veteran disability claims through a one-size-fits-all appeals process." *Id.* "Under the AMA, claimants may now choose between three procedural options in response to an unfavorable initial decision." *Id.* These options include: "(1) filing a

supplemental claim based on additional evidence, (2) requesting higher-level review within the VA based on the same evidentiary record, and (3) filing a notice of disagreement (NOD) to directly appeal to the Board[.]" *Id.*

Mr. Cooper highlights that after the AMA, a Board remand returns the claims to the regional office, where the veteran will have multiple different options on how to proceed after the regional office decision— instead of automatically returning to the Board as required before the AMA under VA regulations.[6] Br. at 20, 28-30. All this shows, however, is that the AMA amended the intra-agency procedures that lead to an ultimate Board decision granting or denying benefits by providing the claimant with review choices. The AMA did not alter the scope of the VA's authority to decide benefits, 38 U.S.C. § 511(a), or the Board's authority to review appeals of the Secretary's decisions regarding benefits and to make "[f]inal decisions on such appeals." 38 U.S.C. § 7104(a). The decision of the Board granting or denying benefits in such appeals represents the "final and conclusive" decision of the VA— unless appealed to the Veterans Court. 38 U.S.C. § 511 (also listing other limited

[6] The feature of the legacy system requiring remanded claims to be automatically returned to the Board is regulatory, not statutory. *See* 38 C.F.R. § 19.38. No similar provision appears in the AMA implementing regulations because it would be inconsistent with the procedural options afforded to claimants under § 5104C, as VA explained in the Federal Register. *VA Claims and Appeals Modernization*, 84 Fed. Reg. 138, 159 (Jan. 18, 2019) (final rule) (discussing § 20.800); 83 Fed. Reg. 39,818, 39,836 (Aug. 10, 2018) (proposed rule) (same). As appellant concedes, VA's regulations cannot alter the statutory jurisdiction of the Veterans Court. Br. at 29.

exceptions to the finality of the Secretary's decisions regarding benefits); *see also* 38 U.S.C. § 7104(a), (d)(3).

Thus, the procedural options available within the VA do not alter the nature of a Board remand order that requires further "internal processing of claims" within the VA. *Kirkpatrick*, 417 F.3d at 1365. The jurisdictional problem in this case is that the Board has not yet issued a decision granting or denying the requested benefits. *See* 38 U.S.C. § 7104(d)(3). Instead, the Board has simply issued an order requiring further intra-agency factual development of Mr. Cooper's claims. Appx14-17. Thus, the Veterans Court correctly determined that it lacked jurisdiction to review the Board's remand order.

### B. The AMA's Amendments to the Duty to Assist Do Not Alter the Meaning of a Board "Decision"

Mr. Cooper also argues that the AMA changes "the nature of Board remand orders," by amending the duty to assist. Br. at 28, 31-32. Specifically, he argues that the AMA "requires the Board may not remand if 'the Secretary may award *the maximum benefit* in accordance with this title based on the evidence of record.'" Br. at 32 (citing 38 U.S.C. § 5103A(f)(2)(A)) (emphasis added). According to Mr. Cooper, this is "a denial, plain and simple." *Id.* at 31.

However, the maximum benefit proviso cited by Mr. Cooper is not implicated here. Section 5103A(f)(2) simply provides that the Board is not *required* to remand a duty-to-assist error when "the Secretary may award the maximum benefit in

accordance with this title based on the evidence of record." 38 U.S.C. § 5104A(f)(2).

> If the Board of Veterans' Appeals, during review on appeal of an agency of original jurisdiction decision, identifies or learns of an error on the part of the agency of original jurisdiction to satisfy its duties under this section, and that error occurred prior to the agency of original jurisdiction decision on appeal, unless the Secretary may award the maximum benefit in accordance with this title based on the evidence of record, *the Board shall remand the claim to the agency of original jurisdiction for correction of such error and readjudication*.

38 U.S.C. § 5103A (emphasis added). "[T]he word 'shall' usually connotes a requirement[.]" *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 171 (2016) (citing *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998)). Thus, the statutory requirement that "the Board *shall* remand the claim" generally requires the Board to remand duty-to-assist errors. 38 U.S.C. § 5103A(f)(2) (emphasis added). When applicable, the maximum benefit proviso simply provides an exception to this obligation. *Id.* It does not convert a remand order into a decision granting or denying a benefit. Again, any Board decision is defined "with respect to the benefit *sought by the veteran*." *Skaar*, 48 F.4th at 1333 (quoting *Maggitt*, 202 F.3d at 1376 (emphasis in *Skaar*). Contrary to Mr. Cooper's argument, there is no logic in defining the benefit sought—and allegedly denied—in terms of a specific snapshot of time and specific quantum of evidence, particularly when there will be further factual development on the claims. Here, Cooper pursued four claims for benefits, Appx21, and the board did not grant or deny any of them—instead remanding them for further factual development. Appx14-17.

Mr. Cooper does not dispute that even after the AMA, the Board retains authority to remand to the regional office for further factual development; indeed, he does not challenge the Board's remand "with respect to Mr. Cooper's entitlement to a higher initial rating evaluation for his prostate-cancer residuals." Br. at 4 (citations omitted). Instead, he argues that the Board should have granted earlier effective dates without further factual development regarding the date of declassification for the Project CHECO report. *See, e.g.* Br. at 33-34. Yet, in agreeing to the joint motion for remand, Mr. Cooper explicitly agreed to the need for such factual development regarding "whether the Project CHECO report was classified or declassified at the time of the original May 1997 rating decision" denying Mr. Cooper's claim for prostate cancer. Appx24.

The Board was required to comply with the terms of the joint motion for remand granted by the Veterans Court. *See*, *e.g.*, *DePuy v. McDonald*, No. 13-2588, 2014 WL 5474685, at *6 (Vet. App. Oct. 30, 2014). "The Mandate Rule applies with equal force to the provisions of a [joint motion for remand] that is incorporated by reference into the Court's mandate." *Id.* (citing *Harris v. Brown*, 7 Vet. App. 547, 548 (1995); *Stegall v. West*, 11 Vet. App. 268, 271 (1998)). Consistent with this rule, the Board complied with the joint motion for remand by requiring the regional office to complete the fact-finding work "to determine the date of declassification" for the Project CHECO report. Appx17. The Board's order for further factual findings is

not a "decision of the Board" granting or denying relief with respect to Mr. Cooper's claims.

Having failed to identify anything specific in the Board's order implicating the maximum benefit proviso in section 5103A(f)(3), *see* Appx14-17, Mr. Cooper claims that the AMA "transformed" all Board remand orders into appealable "decisions." Br. at 32. As discussed below, this argument misunderstands the context and history of the maximum benefit provision and would not be administrable in practice.

### 1. Statutory Context and History Confirm that the Adoption of Section 5103A(f)(2) Does Not Alter the Nature of Board Remand Orders

Statutory context and history confirm that the maximum benefit proviso does not alter the nature of the Board's remand orders. "[T]he words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *National Assn. of Home Builders v. Defenders of Wildlife*, 551 U.S. 644, 666 (2007) (quotation marks and citation omitted). "[B]eyond context and structure, the Court often looks to 'history [and] purpose' to divine the meaning of language." *Gundy v. United States*, 588 U.S. 128, 140-41 (2019) (alteration in original, quoting *Maracich v. Spears*, 570 U.S. 48, 76 (2013)).

Here, the maximum benefit provision was part of the Board's application of the duty to assist even before the AMA. *See Honoring American's Veterans and Caring for Camp Lejeune Families Act of 2012,* Pub. L. 112-154, § 505, 126 Stat. 1165, 1192. Originally enacted in 2012, the maximum benefit provision authorized VA to waive

the duty to assist when "the Secretary may award the maximum benefit in accordance with this title based on the evidence of record." 158 Cong. Rec. S5154-04, S5162. This "prevent[ed] both the claimant and VA from having to collect further evidence that would have no impact on the claim." *Id.* When the maximum benefit proviso was enacted as part of the legacy system in 2012, the "the VA's duty to assist continued while a claim was on appeal before the Board[.]" *Mil.-Veterans Advoc.*, 7 F.4th at 1119. Thus, even before the AMA, the Board was not required to remand if it could award the maximum benefit. *See* 38 U.S.C. § 5103A(b)(3) (2012 Ed., Supp. I).[7]

The AMA retained the maximum benefit provision, *see* 38 U.S.C. § 5103A(b)(3), but altered other aspects of the duty to assist. For example, under the AMA, "the VA has no duty to assist during a Board appeal under the AMA's modified procedures"—thus limiting the Board's role to reviewing alleged errors in the regional office's compliance with the duty to assist. *See Mil.-Veterans Advoc.*, 7 F.4th at 1119 (quoting 38 U.S.C. § 5103A(e)). In the new duty-to-assist provision, the

[7] Although Board decisions cannot be cited as precedent, it is notable that pre-AMA decisions mention the very "maximum benefit" provision that Mr. Cooper claims alters the jurisdictional framework after the AMA. *See, e.g.*, Bd. Vet. App. 1553024 (Dec. 18, 2015) (citing 38 U.S.C.A. §§ 5103(b)(5)(A), 5103A(b)(3)(A)) ("As this represents a complete grant of the relief sought on appeal, no discussion of VA's duties to notify and assist is needed"); Bd. Vet. App. 1608520 (Mar. 3, 2016) (citing 38 U.S.C.A. §§ 5103(b)(5)(A), 5103A(b)(3)(A)) ("As this represents a complete grant of the relief sought on appeal, no discussion of VA's duties to notify and assist is needed").

maximum benefit proviso remains in paragraph (b)(3) governing the duty to assist, and also applies in Board review of duty-to-assist errors by the regional office. *See* 38 U.S.C. § 5103A(b)(3), (f)(2). Thus, despite the Board's new limited duty of reviewing only *past* compliance with the duty to assist, the maximum benefit proviso still applies to the Board's duty to remand, such that the Board would not be required to remand a claim unnecessarily.[8]

Thus, the maximum benefit provision in section 5103A(f)(2), reflects a continuation of existing policy to avoid unnecessary remands when the Board could grant a claim based on existing evidence of record. There is no indication Congress intended the proviso to alter the nature of Board remand orders or to enlarge the Veterans Court's jurisdiction to review such orders.

#### 2. Mr. Cooper's Proposed Rule Would Be Confusing for Litigants and Courts

Adopting Mr. Cooper's theory that all remand orders necessarily incorporate a denial of the "maximum" benefit would also be confusing and difficult to administer—because failure to appeal a Board "decision" within 120 days results in forfeiture of any challenge to that decision. *Tyrues v. Shinseki*, 732 F.3d 1351, 1357 (Fed. Cir. 2013) (citing, *e.g.*, 38 U.S.C. § 7266(a)). Thus, Mr. Cooper's proposed rule could lead to claimants inadvertently forfeiting appeal rights or filing unnecessary

[8] The record before the Board may differ from the record before the regional office when it issued the decision under review. *See* 38 U.S.C. § 7113.

appeals to avoid such forfeiture—contrary to the streamlining purpose of the AMA. *See Mil.-Veterans Advoc.*, 7 F.4th at 1139 (quoting H.R. Rep. 115–135, at 8 (2017)) (discussing the goal to "to 'streamline' the 'broken' legacy appeals process").

Pursuant to 38 U.S.C. § 7266(a), "[i]n order to obtain review by the Court of Appeals for Veterans Claims of a final decision of the Board of Veterans' Appeals, a person adversely affected by such decision *shall file* a notice of appeal with the Court *within 120 days* after the date on which notice of the decision is mailed." (emphases added). Thus, under Mr. Cooper's view that Board remand orders necessarily deny the maximum benefit, veterans not only can, but *must* appeal any purported denial—or lose their chance to do so entirely.

To be sure, a veteran can immediately appeal a *mixed* Board decision—which definitively denies benefits on one statutory ground while remanding for consideration of entitlement to benefits on another ground. *Tyrues*, 732 F.3d at 1355. But a criterion for such rulings is that "the Board makes clear the finality of that denial"—and even then "the Veterans Court is able to dismiss the appeal on the ground that immediate review would disrupt orderly adjudication, as where the denial portion is 'inextricably intertwined' with the portion ordering a remand." *Id.* at 1356 (citing *Harris v. Derwinski*, 1 Vet. App. 180, 183 (1991)). Core to the reasoning in *Tyrues* is that "the Board's own rulings . . . provide the clarity that is desirable in a busy adjudicatory system." *Id.* Mr. Cooper's proposed rule would abandon this clarity and convert all remand orders into mixed decisions. Such an outcome is not only

unsupported by the statute, but would cause confusion in a "busy adjudicatory system," *id.*, and undermine Congress's goal in the AMA of "streamlining the administrative appeals system," *see Mil.-Veterans Advoc.*, 7 F.4th 1119 (citing H.R. Rep. No. 115-135, at 5). In sum, the AMA provides no reason for departing from the longstanding precedent that Board remand orders are not "decisions" granting or denying relief. Thus, the Court should affirm the Veterans Court's dismissal of Mr. Cooper's appeal for lack of jurisdiction.

## IV. The Court Need Not Determine Whether Decisions of the Board Must Also Be "Final"

In *Kirkpatrick*, this Court affirmed the Veterans Court's dismissal of the remand order on the ground that it was not a "decision" of the Board, and thus did not reach "additional arguments concerning whether section 7252(a) limits Veterans[] Court jurisdiction to 'final' Board decisions." *Kirkpatrick*, 417 F.3d at 1365. In this case, similarly, the remand order in this case is not a "decision" of the Board, and the Court need not reach the finality question. To the extent the Court reaches the issue, however, the statutory scheme demonstrates that the Board decision must also be "final" to be reviewed by the Veterans Court.

This conclusion stems from the intersection of 38 U.S.C. §§ 511(a), 7104(a), and 7252(a). As the Veterans Court correctly explained, 38 U.S.C. § 511(a) "serves as the touchstone for all jurisdictional questions relating to veterans benefits." Appx4. Section 511 authorizes the Secretary of the VA to "decide all questions of law and fact

necessary to a decision by the Secretary under a law that affects the provision of benefits." Appx4 (quoting 38 U.S.C. § 511). With limited exceptions—including appeals to the Veterans Court—the Secretary's decision pursuant to section 511(a) "shall be final and conclusive[.]" 38 U.S.C. § 511. As the Veterans Court explained, "[b]y leaving section 511 unchanged" in the AMA, "Congress clearly signaled that, notwithstanding the sweeping changes, the AMA neither expanded nor limited the subject matter the Secretary is authorized to adjudicate." Appx4.

Any issue decided by the Secretary is "subject to one review on appeal," with "[f]inal decisions on such appeals" being made by the Board. 38 U.S.C. § 7104(a). Only the resulting Board "decision" granting or denying benefits, *id.* § 7104(d)(3), may be appealed to the Veterans Court, *id.* § 7252(a). Thus, the Veterans Court has jurisdiction to review the final decision resulting from the VA's adjudication of benefits, authorized by 38 U.S.C. § 511. Because the remand order in this case is not a decision—much less a "final" decision of the VA regarding Mr. Cooper's claims for benefits—the Court should affirm the Veterans Court's dismissal for lack of jurisdiction.

## CONCLUSION

For these reasons, the judgment of the Veterans Court should be affirmed.

Respectfully submitted,

YAAKOV M. ROTH
*Acting Assistant Attorney General*

PATRICIA M. McCARTHY
*Director*

/s/ *Eric P. Bruskin*
*by Martin F. Hockey, Jr.*
ERIC P. BRUSKIN
*Assistant Director*

/s/ *Emma E. Bond*
EMMA E. BOND
*Senior Trial Counsel*
*Commercial Litigation Branch*
*Civil Division*
*U.S. Department of Justice*
*P.O. Box 480, Ben Franklin Station*
*Washington, DC 20044*
*(202) 305-2034*
*Emma.E.Bond@usdoj.gov*

*Of Counsel:*

BRIAN GRIFFIN
*Deputy Chief Counsel*

ANDREW J. STEINBERG
*Attorney Advisor*
*Department of Veterans Affairs*

April 18, 2025

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 7,842 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Garamond 14-point font, a proportionally spaced typeface.

*/s/ Emma E. Bond*
EMMA E. BOND